**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHNNY LOTT WILLIAMS,
    *Defendant-Appellant.*

No. 02-4969

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-02-115)

Submitted: April 17, 2003

Decided: May 29, 2003

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Johnny Lott Williams pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000), but reserved his right to appeal the district court's denial of his motion to suppress evidence seized from his apartment and statements he made to police officers. Finding no error in the district court's determinations, we affirm.

We review the factual findings underlying a motion to suppress for clear error and review the legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

On appeal, Williams argues that the district court erred in denying his suppression motion because the encounter with the officers in his apartment, though consensual at the beginning, became a seizure when he was ordered to lift his shirt to reveal incriminating information. Williams also asserts that this seizure violated his Fourth Amendment rights because the officers had no basis to suspect that he was involved in criminal activity.

The Supreme Court has repeatedly held that mere police questioning is not a seizure. *INS v. Delgado*, 466 U.S. 210, 215-16 (1984); *Florida v. Bostick*, 501 U.S. 429, 434 (1991). A consensual encounter, however, "can be transformed into a seizure or detention . . . 'if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Delgado*, 466 U.S. at 215 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). In a situation in which an individual would not feel

free to leave because of factors independent of the police presence, the Court has held "that the appropriate inquiry is whether a reasonable person would feel free to decline the officers' request or otherwise terminate the encounter." *Bostick*, 501 U.S. at 436. The fact that a person responds to or complies with a police request does not change the consensual nature of an encounter. *Delgado*, 466 U.S. at 216.

In evaluating the consensual nature of a police-citizen encounter, we consider the following factors:

> the time, place and purposes of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the officer's statements to others present during the encounter, the threatening presence of several officers, the potential display of a weapon by an officer, and the physical touching by the police of the citizen.

*United States v. Weaver*, 282 F.3d 302, 310 (4th Cir.), *cert. denied*, __ U.S. __, 123 S.Ct. 186 (2002). Application of these factors to the facts of this case convinces us that the district court correctly denied Williams's motion to suppress.

Accordingly, we affirm Williams's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*